## STATE ex LAIRD v BOARD OF TEES OF MADISON CO CHILDREN'S HOME

Ohio Appeals, 2nd Dist, Madison Co

No 95.  Decided Jan 5, 1934

D. M. Richmond, London, D. H. Jackman, London, for plaintiff.

H. H. Crabbe, London, for defendants.

**OPINION**

By THE COURT

The above entitled cause is now being determined on the second application for rehearing presented by H. H. Crabbe, as attorney for the defendants, the Board of Trustees of Madison County Children's Home.

Ordinarily but one application for rehearing could properly be presented to this court.

This second application presents new facts not presented previously. While these facts are new in the case, yet they existed at the time of the filing of the original action and could have been presented in the original hearing.

In the present application, counsel for defendant make the statement that following this court's decision on November 16, 1933, in which it issued the mandatory order to appoint a Superintendent and Matron of the Madison County Children's Home from a certified list, he has discovered that the Civil Service Commission on August 1st, previously had vacated the eligible list for such positions.

Counsel for the respective parties have presented briefs on this new question. Opportunity was also presented for oral argument, at which time counsel for plaintiff, only, appeared. No doubt the action of the Civil Service Commission was had under and by virtue of the provisions of §486-12 GC. This section provides for the creation of "eligible lists." Within the section we find the following:

"The term of eligibility of each list shall be fixed by the Commission at not less than one year nor more than two years."

The Civil Service Commission acting within its discretion evidently fixed the term at one year.

Sec 486-13 GC provides for certifying of three names from the eligible list. This procedure was followed in the instant case. The Board of Trustees has failed and refused to make the appointment from such certified list. One of the three has since died. In a previous opinion this court stated that the Board was entitled to have three names from which to make the appointment, provided they acted timely in asking for a further certification. The deceased member of the certified list has been

dead over a year. Insofar as we are advised no attempt has been made to increase to the authorized three.

We also, in a previous opinion, have referred to and cited authorities wherein it has been decided that a legal appointment may be made from a less number than three.

The question now for determination is as to whether or not the action of the Civil Service Commission in eliminating the eligible list includes the certified list.

The question is new and novel and we do not have the aid of precedent. No cases have been cited nor are we able, through an independent search, to find that this question has ever been considered previously in this state.

It is our conclusion that in the interest of the objects sought to be obtained under the Civil Service law it is desirable to give a construction that would promulgate its purposes. With this in mind it is our determination that the provision of §486-12 GC for the termination of eligible lists does not apply to certified lists preceding the appointment.

Any other construction would defeat the very aims of the Civil Service law.

Just as in this case, it would always be possible to refuse to appoint from the certified list, and by virtue of the necessary delays attending the question through the court to and including the Supreme Court, would consume the term of one year and through the lapse of time alone defeat the decision finally affirmed in the Supreme Court. Such a construction is to be avoided if possible. It will not do any violence to any of the language of the Civil Service law to hold that the vacation of the eligible list shall not apply to a certified list previous to the time of action thereon.

The application for rehearing will be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.